**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

WILLIAM F. McNAMARA,           )    CASE NO: 1:05 CV 00208

                              )

                Plaintiff,    )

                              )

      vs.                  )

                              )    MAGISTRATE JUDGE VECCHIARELLI

                              )

                              )

LITTON LOAN SERVICING LP,     )

                              )    **ORDER DENYING PLAINTIFF'S**

                              )    **MOTION FOR PRELIMINARY**

                Defendant.   )    **INJUNCTION**

On June 27, 2005, Plaintiff William F. McNamara ("McNamara") moved for an order granting a temporary injunction against Defendant Litton Loan Servicing LP ("Litton") to prevent Litton from collecting $6880.93 that it had paid on his behalf for delinquent taxes. (Doc. No. 9).  Subsequently, on July 28, 2005, Mr. McNamara moved for a preliminary injunction to enjoin Litton from filing for foreclosure. (Doc. No. 13).  Thereafter, Mr. McNamara again filed a motion for preliminary injunction to prevent Litton from demanding a lump sum payment against negative escrow to prevent foreclosure action. (Doc. No. 19).  These three motions will be addressed together.

Injunctive relief is an extraordinary remedy and should be issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-13 (1982).  Four factors must be considered when deciding whether to grant a preliminary injunction: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the injunction will prevent irreparable harm to the plaintiff; (3) whether others will suffer substantial harm as a result of the injunction; and (4) whether the public

interest will be served by the injunction. *Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.,* 134 F.3d 749, 753 (6th Cir. 1998); *see also Vittitow v. Upper Arlington*, 43 F.3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *Hafer v. Webb*, 79 Fed. Appx. 147, 149 (6th Cir. 2003). While no single factor will be determinative as to the appropriateness of the equitable relief sought, *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985), "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The moving party must establish their case by clear and convincing evidence. *Deck v. City of Toledo*, 29 F. Supp.2d 431, 433 (N.D. Ohio 1999) (citing *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968); *see also Mead Corp. v. Lane*, 54 Ohio App.3d 59, 560 N.E.2d 1319, 1324 (Ohio Ct. App. 1988) (injunctive relief appropriate if violation of trade secret shown by clear and convincing evidence). Clear and convincing evidence is that standard of proof which requires more than a preponderance of the evidence, but less than beyond a reasonable doubt. *See Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, syllabus at 3 (Ohio 1954).

Mr. McNamara's initial motion for a temporary injunction contains absolutely no facts or even an argument as to why he is entitled to such an extraordinary remedy. In the last paragraph of Mr. McNamara's joint Motion To Amend Complaint and Motion For Preliminary Injunction, filed June 28, 2005, Plaintiff again moves for an injunction but again fails to present any facts or make any argument, legal or otherwise, to support such a motion. Finally, in his last Motion For Preliminary Injunction, Mr. McNamara addresses the four factors necessary to justify an injunctive order, but does so only by making conclusory statements that each "element" has been met. As stated above, the four factors are

a balancing test and not a checklist of prerequisites.

Plaintiff has not pointed to any facts that tend to show a strong likelihood of success on the merits.  To the contrary, even the allegations contained in Mr. McNamara's complaint lack clear definition.  Also, Mr. McNamara has not demonstrated a likelihood of substantial injury, as any defenses he has against Defendant Litton can be raised in a state foreclosure action, if and when such an action commences.  Plaintiff has also failed to demonstrate that the threatened injury to his interests is outweighed by the potential injury to Defendant's security interest in the property subject to the mortgage if an injunction were granted.  Lastly, while Plaintiff claims that the public interest will be served by an injunction in that it will benefit other borrowers, Plaintiff does not even attempt to explain how such a benefit would accrue to other borrowers.  Weighing and balancing all the factors, Mr. McNamara has not presented any facts or cognizable argument that could justify holding a hearing on his motions for injunctions, let alone support a grant of his motions where he bears the evidentiary burden by a clear and convincing evidentiary standard.

The Plaintiff, Mr. McNamara, has failed to proffer any facts or legal arguments that would justify the need for a hearing on any of his Motions for a Preliminary Injunction.  Accordingly, Plaintiff's Motions for a Preliminary Injunction are DENIED.

**IT IS SO ORDERED.**

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

August 24, 2005

3