**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| William F. McNamara, | ) | CASE NO. 1:05-CV-00208 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| vs. | ) | |
| | ) | |
| Litton Loan Servicing LP, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR LEAVE TO FILE** |
| Defendant. | ) | **AMENDED COMPLAINT** |

The present matter is before the Court pursuant to *pro se* plaintiff William F. McNamara's ("McNamara") Motion For Leave To Amend Complaint *Instanter* (Doc. No. 13) and defendant Litton Loan Servicing, LP's ("Litton") Motion For Leave To File A Memorandum In Opposition To Plaintiff's Motion To Amend Complaint. (Doc. No. 23).

Plaintiff McNamara filed his original complaint on February 4, 2005. Mr. McNamara's attempt to file a "Reply" brief to Defendant's Answer, which resulted in a June 13, 2005 order from the Court striking Plaintiff's "Reply." The Court reminded Mr. McNamara, however, that, if he so chose, he could amend his original complaint pursuant to Civil Rule 15. Plaintiff thereafter filed a Motion For Leave To Amend Complaint *Instanter* on June 28, 2005.

*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *accord Hong Van Doan v. Ashcroft*, 125

Fed. Appx. 664, 668 (6th Cir. 2005) (finding the government's waiver argument "overly formalistic" where there was a *pro se* filing). However, this Court is not required to make Mr. McNamara's argument for him. Such a mandate would "require the courts to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Crawford v. Crestar Foods*, No. 98-3144, 2000 WL 377349, at *3 (6th Cir. 2000). The fact is that Plaintiff's amended complaint does not resemble a complaint at all, but rather resembles a rebuttal or reply brief in the guise of a complaint. Furthermore, Plaintiff's amended complaint lacks even the most basic claims for relief. Although mindful of the responsibility to liberally evaluate any motion to amend under Fed. R. Civ. P. 15 and Mr. McNamara's *pro se* status, the deficiency of his amended complaint requires that Mr. McNamara's motion to amend his complaint be denied.

Wherefore, Plaintiff's Motion to File Amended Complaint is DENIED. As Plaintiff's Motion To File Amended Complaint is denied, Defendant's Motion For Leave To File A Memorandum In Opposition To Plaintiff's Motion is rendered moot and, therefore, also is DENIED.

**IT IS SO ORDERED.**

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

August 24, 2005