IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM F. McNAMARA, ) | |
| ) | CASE NO.    1:05 CV 00208 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| LITTON LOAN SERVICING LP, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** |

On September 9, 2005, the parties entered into a binding settlement agreement before the Court. The material terms of the settlement were recorded by the court reporter. (Doc. No. 29.) Thereafter, Defendant Litton Loan Servicing LP ("Litton") filed a motion for approval and enforcement of the Settlement Agreement. Plaintiff William McNamara did not file a response to Defendant's motion. As reflected in an order issued November 1, 2005, the Court granted Defendant's motion for approval and enforcement of the Settlement Agreement. (Doc. No. 32.) Contemporaneously, the Court also filed an order stating that "[i]f any reason exists why this case should not be dismissed with prejudice, the parties shall so notify the Court on or before November 14, 2005 and shall state the reasons therefor." (Doc. No. 33.)

Plaintiff did not file any such notification, but rather filed a Notice of Appeal "in accordance with Fed. R. Civ. P. 72.3" challenging the Court's Order Enforcing Settlement Agreement. (Doc. No. 34.)[1] Defendant Litton filed a Motion to Strike Plaintiff's Notice of Appeal. (Doc. No. 35.)  Defendant argues that Plaintiff's "appeal" is an "untimely Memorandum in Opposition to Litton's Motion for Approval and Enforcement of Settlement Agreement."  Due to Plaintiff's *pro se* status and his allegation that Defendant did not serve him with a copy of its motion, the Court will treat Plaintiff's arguments contained in his Notice of Appeal as a motion for reconsideration of the Court's Order Enforcing Settlement Agreement.  Defendant Litton's Motion to Strike is therefore DENIED.

Plaintiff's arguments focus on events leading up to the binding settlement agreement entered into on September 9, 2005, particularly on his counteroffer.  However, none of the terms in these documents constitute the material terms of the settlement agreement.  Rather, the material terms of the settlement agreement are those that were read into the record at the September 9, 2005 settlement conference.  As quoted in the Court's Order, the "the parties agree that the $4,122.64, the balance of that Litton is going to forebear from collecting at this time *until* the other lawsuit in the state court is completed." (emphasis added) (Doc. No. 32.)  Though

---

[1] There is no Fed. R. Civ. P. 72.3.  There is, however, Fed. R. Civ. P. 72(a) & (b), that deal with matters referred to a Magistrate Judge for a recommendation.  Plaintiff may have been referring to Local Rule 72.3, which complements Fed. R. Civ. P. 72 and also deals exclusively with referrals for a report and recommendation.  However, this case is before the Magistrate Judge pursuant to the consent of the parties under Fed. R. Civ. P. 73(b). (Doc. No. 20.)  Where a Magistrate Judge has jurisdiction due to consent of the parties, appeals are properly taken pursuant to Local Rule 73.2, which reads as follows: "Upon entry of judgment in any civil case disposed of by a Magistrate Judge on consent of the parties ... an aggrieved party shall appeal directly to the United States Court of Appeals for this Circuit ...."

given several opportunities to question or clarify terms of the settlement agreement, Plaintiff did not raise any question with respect to this term.  Previously, the Court found this language "is clear and unambiguous – even from the perspective of a *pro se* litigant." (Doc. No. 32.)  Neither the binding language contained in the settlement agreement nor the language of Plaintiff's counteroffer contain any connotation that the sum in question will be collected *only* upon the occurrence of some contingency or at the discretion of the state court.  To impute such a contingency would require this Court to violate long held rules of contractual construction. *See, e.g., Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 796 (6th Cir. 2002) ("The court is to give the terms of the contract their plain and natural meaning."); *Energy Mktg. Servs. v. Homer Laughlin China Co.*, 2000 U.S. App. LEXIS 22412 (6th Cir. 2000) ("If the contract language is clear and unambiguous on its face, the courts are not to employ rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties.") *citing Brandon/Wiant Co. v. Teamor*, 708 N.E.2d 1024 (Ohio Ct. App. 1998).

Based upon the plain language of the terms of the settlement agreement, the Court finds that the only reasonable interpretation of the parties' agreement with respect to the approximately $4,122 in legal fees is that the conclusion of the state proceedings merely dictates the time frame when the designated sum shall be collected.

Plaintiff's Notice, which the Court is treating as a motion for reconsideration, is DENIED.[2]  The Court sees no reason why this case should remain upon its docket after the parties have entered into a binding and enforceable settlement agreement.  Therefore, this action

---

[2] If Plaintiff intends to appeal the judgment of this Court, he is referred to Fed. R. Civ. P. 73(c), Local Rule 73.2, and Fed. R. App. P. 3(a)(3).

shall be dismissed with prejudice, and each party shall bear its/his costs. The Court shall, however, retain continuing jurisdiction of this matter for the purpose of enforcing the terms of the Settlement Agreement.

      IT IS SO ORDERED.

                                          /s/Nancy A. Vecchiarelli
                                          U.S. Magistrate Judge

Date: November 16, 2005